UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**TERRELL BRADLEY, individually
and on behalf of his minor three minor children,**

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　Case No.: 1:25-cv-00133-AW-HTC

**CITY OF GAINESVILLE, FLORIDA,
et al.,**

    Defendants.
_____ /

**DEFENDANT CITY OF GAINESVILLE'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant CITY OF GAINESVILLE, FLORIDA, through undersigned counsel, files this answer and affirmative defenses Plaintiff's Amended Complaint [ECF No. 1-1].

**JURISDICTIONAL ALLEGATIONS**

1. Without knowledge, therefore denied.

2. Admitted for jurisdictional purposes; otherwise denied, as phrased.

3. Admitted that Officer Milman, Officer Meurer, Officer Marshall, Officer Ripley, Officer Sevor, Officer Kikendall, and Officer Henderson were law enforcement officers with the City of Gainesville at the time of the subject incident.

Admitted that the subject incident occurred in Gainesville, Florida. The remainder of this paragraph is denied.

4. Admitted for jurisdictional purposes, only. Denied that Plaintiff is entitled to the damages sought in the complaint, or any damages whatsoever.

5. Denied.

6. Admitted for jurisdictional and venue purposes, only.

## BACKGROUND

7. Admitted that on July 10, 2022, at about 10:30 pm, Plaintiff was driving a 2017 Chrysler 300. Regarding the specific level of tint on the vehicle's windows, without knowledge, therefore denied. The remainder of this paragraph is denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Admitted that Officer Milman followed the Chrysler 300 from the Village Green Apartments to NE 39th Avenue. Admitted that the distance between the apartment complex exit and NE 39th Avenue is approximately 0.3 miles. The second sentence is admitted. Regarding the third, fourth, and fifth sentences, without knowledge, therefore denied. Admitted that Officer Milman initiated the traffic stop near the traffic light at NE 39th Avenue. The sixth sentence is denied.

11. Denied, as phrased.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Regarding the first and second sentences, denied, as phrased. The third sentence is denied.

15. Admitted that Officer Millman observed a plastic bag of green leafy substance in the center console of the vehicle. Admitted that due to Plaintiff's behavior, Officer Milman asked Plaintiff to exit the vehicle. The remainder of this paragraph is denied.

16. Admitted that Plaintiff exited the vehicle. Admitted that as Officer Milman attempted to put Plaintiff's arms behind his back, Plaintiff pulled his arms in front of him to prevent Officer Milman from putting his arms behind his back. Admitted that Plaintiff then swung his right elbow at Officer Milman and hit him on the right side of his body. Admitted that Plaintiff broke free from Officer Milman's grip and ran away. Admitted that Officer Millman chased Plaintiff through the apartment complex. The remainder of this paragraph is denied.

17. Denied.

18. The first sentence is admitted. Admitted that Plaintiff was located in or behind hedges in the apartment complex. The remainder of this paragraph is denied.

19. The first sentence is admitted. The remainder of this paragraph is denied.

20. Denied.

21. Denied.

22. Admitted an internal affairs investigation was conducted, the results of which speak for themselves. The remainder of this paragraph is denied.

23. The internal affairs investigative report speaks for itself. The remainder of this paragraph is denied.

24. Denied.

## COUNT I
### EXCESSIVE FORCE BY LAW ENFORCEMENT OFFICERS UNDER THE 4TH AMENDMENT TO THE US CONSTITUTION AND 42 US 1983
**(Against the City of Gainesville)**

25. The City of Gainesville restates its responses to paragraphs 1-24.

26. Denied, as phrased.

27. The Fourth Amendment to the United States Constitution speaks for itself. The remainder of this paragraph is denied.

28. 42 U.S.C. § 1983 speaks for itself. The remainder of this paragraph is denied.

29. Denied.

30. Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause following paragraph 30, or any relief whatsoever. Denied that Plaintiff is entitled to his attorney's fees.

## COUNT II
## EXCESSIVE FORCE BY MEURER UNDER THE 4TH AMENDMENT TO THE US CONSTITUTION AND 42 US 1983

31. – 34.   This Count is not directed to the City of Gainesville. Accordingly, the City of Gainesville does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT III
## EXCESSIVE FORCE IN VIOLATION OF THE FLORIDA CONSTITUTION and FLORIDA STATUTES SECTION 943.1735

35.   The City of Gainesville restates its responses to paragraphs 1-24.

36.   Denied.

37.   Article I, Section 12 of the Florida Constitution speaks for itself. Section 943.1735, Florida Statutes, speaks for itself. Neither provision provides for a cause of action or authorizes monetary relief. The remainder of this paragraph is denied.

38.   Denied.

39.   Denied,

40.   Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause following paragraph 40, or any relief whatsoever. Denied that Plaintiff is entitled to his attorney's fees.

## COUNT IV[1]
## AGAINST MILMAN FOR NONFEASANCE

41. – 43.   This Count is not directed to the City of Gainesville. Accordingly, the City of Gainesville does not respond to the allegations therein. To the extent a response is required, the City of Gainesville denies Plaintiff's allegations.

## COUNT V[2]
## AGAINST MARSHALL FOR NONFEASANCE

44. – 46.   This Count is not directed to the City of Gainesville. Accordingly, the City of Gainesville does not respond to the allegations therein. To the extent a response is required, the City of Gainesville denies Plaintiff's allegations.

## COUNT VI[3]
## AGAINST RIPLEY FOR NONFEASANCE

47. – 49.   This Count is not directed to the City of Gainesville. Accordingly, the City of Gainesville does not respond to the allegations therein. To the extent a response is required, the City of Gainesville denies Plaintiff's allegations.

---

[1] This Count is mistakenly labeled Count III in Plaintiff's Amended Complaint.
[2] This Count is mistakenly labeled Count IV in Plaintiff's Amended Complaint.
[3] This Count is mistakenly labeled Count V in Plaintiff's Amended Complaint.

## COUNT VII[4]
## AGAINST SEVOR FOR NONFEASANCE

50. – 52.   This Count is not directed to the City of Gainesville. Accordingly, the City of Gainesville does not respond to the allegations therein. To the extent a response is required, the City of Gainesville denies Plaintiff's allegations.

## COUNT VIII[5]
## AGAINST KIKENDAL FOR NONFEASANCE

53. – 55.   This Count is not directed to the City of Gainesville. Accordingly, the City of Gainesville does not respond to the allegations therein. To the extent a response is required, the City of Gainesville denies Plaintiff's allegations.

## COUNT IX[6]
## AGAINST HENDERSON FOR NONFEASANCE

56. – 58.   This Count is not directed to the City of Gainesville. Accordingly, the City of Gainesville does not respond to the allegations therein. To the extent a response is required, the City of Gainesville denies Plaintiff's allegations.

---

[4] This Count is mistakenly labeled Count VI in Plaintiff's Amended Complaint.
[5] This Count is mistakenly labeled Count VII in Plaintiff's Amended Complaint.
[6] This Count is mistakenly labeled Count VIII in Plaintiff's Amended Complaint.

## COUNT X[7]
## NEGLIGENCE

59. The City of Gainesville restates its responses to paragraphs 1-24.

60. Denied, as phrased.

61. Denied.

62. Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause following paragraph 62, or any relief whatsoever. Denied that Plaintiff is entitled to his attorney's fees.

## **GENERAL DENIAL**

The City of Gainesville denies all allegations of the complaint that have not been specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. All or part of the damages awardable to Plaintiff under any claims brought pursuant to Florida law are governed by the terms, conditions, provisions, and limitations found in section 768.28, Florida Statutes.

2. Plaintiff did not comply with all conditions precedent set forth in section 768.28(6), Florida Statutes.

---

[7] This Count is mistakenly labeled Count II in Plaintiff's Amended Complaint.

3. Any force used by the City of Gainesville's agents or employees was reasonable and necessary and applied in an effort to accomplish lawful objectives.

4. Any force used by the City of Gainesville's agents or employees was appropriate in relation to the need presented and was applied in a good faith effort to maintain control of Plaintiff.

5. Plaintiff has failed to mitigate any damages suffered as a result of the alleged actions of the City of Gainesville's agents or employees.

6. The conduct of the City of Gainesville, its agents or employees, was not the proximate cause of any injury to Plaintiff due to the circumstances and succession of events leading to the alleged injuries of Plaintiff. Further, injury to Plaintiff was not foreseeable to the City of Gainesville, its agents or employees, and any injuries suffered by Plaintiff were not the proximate result of any conduct of the City of Gainesville, its agents or employees.

7. Any injuries or damages sustained by Plaintiff herein were caused solely and proximately by the actions and/or admissions by the person or entities rather than the City of Gainesville, its agents or employees, and, as a result, Plaintiff is not entitled to recover from the City of Gainesville.

8. Any injury to Plaintiff was, in whole or in part, due to or caused by the negligence or omissions of the Plaintiff and his failure to care for himself, which carelessness, contributory, and comparative negligence and omissions were the

proximate cause of the injury or damage, if any, to Plaintiff. Accordingly, any award of damages should be reduced by the *pro rata* share of fault attributable to Plaintiff. If Plaintiff is found to be more at fault for his injuries than the City of Gainesville, its agents or employees, he is barred from any award of damages from the City of Gainesville.

9. No duty was owed to the Plaintiff with regard to the actions complained of because no special relationship existed between the Plaintiff and the City of Gainesville. The City of Gainesville therefore is entitled to sovereign immunity with regard to Plaintiff's negligence claim.

10. The actions of the City of Gainesville, its agents or employees, were discretionary in nature and/or involved planning level activities for which the City of Gainesville cannot be subject to liability or an action for damages under provisions of section 768.28, Florida Statutes, and Defendant is immune from any claims related to such activity.

11. The City of Gainesville's decisions regarding how to train its officers and K9s and what subject matter to include in the training are exercises of governmental discretion regarding fundamental questions of policy and planning, and are therefore immune from tort liability.

12. Plaintiff was, at the time of his alleged injury, under the influence of alcoholic beverages and/or drugs to the extent that Plaintiff's normal faculties were

impaired or the Plaintiff had a blood or breath alcohol level of 0.08 percent or higher and, as a result of the influence of such alcoholic beverages and/or drugs, Plaintiff was more than 50% at fault for his own harm. Accordingly, pursuant to section 768.36, Florida Statutes, Plaintiff is precluded from recovering any damages.

13. Plaintiff may have been the beneficial recipient of recovery from collateral sources. The City of Gainesville is entitled to set off for all damages, if any, awarded to Plaintiff that are subject to collateral sources.

14. No independent civil action exists to redress a claim under the state constitution unless specifically authorized by statute. The statute Plaintiff identifies as "a separate enabling statute" relates solely to the minimum training standards and agency policies for use of force, and contains nothing resembling language that would create a civil cause of action or authorize monetary relief.

15. Plaintiff has not stated a cause of action for violation of chapter 119, Florida Statutes. Plaintiff has not alleged and will be unable to establish that the subject photographs were public records as defined by the Act. The Act does not authorize the relief sought, including Plaintiff's request that this Court "hold the City accountable…" Plaintiff has not alleged and will be unable to establish that he complied with any of the Act's pre-suit requirements. Plaintiff's claim merely seeks an impermissible advisory opinion and unavailable attorney's fees.

16. Plaintiff has not alleged facts to support recovery "on behalf of his … three minor children" and against the City of Gainesville or otherwise.

17. Plaintiff has not identified any statutory or contractual basis for his claim for attorney's fees. Accordingly, his claim for attorney's fees is insufficient and fails as a matter of law.

18. Plaintiff's claims that are predicated on the State's limited waiver of sovereign immunity set forth in section 768.28, Florida Statutes, do not provide for an award of attorneys' fees for a prevailing plaintiff. Accordingly, his claim for attorney's fees related to his claims arising under state law is insufficient and fails as a matter of law.

WHEREFORE, having answered Plaintiff's amended complaint and set forth defenses thereto, Defendant CITY OF GAINESVILLE respectfully requests that Plaintiff's complaint be dismissed in its entirety and/or judgment be entered against Plaintiff and in the City of Gainesville's favor, and that the City of Gainesville be awarded its costs in defending this action (including attorney's fees), and such other relief as this Court deems just and proper.

Respectfully submitted this 30th day of May, 2025.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar Number: 0827711
mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for The City of Gainesville***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May, 2025, a true and correct copy of the foregoing document was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record, and by E-mail to Gregory Durden (ddg05@bellsouth.net), Attorney for Plaintiff, Law Office of Gregory Durden, 2310 NE 64th Terrace, Gainesville, FL 32609-2779.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**