IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRELL BRADLEY,

    Plaintiff,

v.                                                    Case No. 1:25-cv-133-AW-HTC

CITY OF GAINESVILLE, FLORIDA,
et al.,

    Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Terrell Bradley sued the City of Gainesville and seven law enforcement officers. Six of those seven law enforcement officers moved to dismiss. ECF No. 20. This order grants that motion.

According to the operative complaint, Bradley was stopped by officers, ran from officers, hid in the bushes, and was apprehended by a K9. The episode left him with severe injuries. Defendant Meurer was the K9's handler and allegedly "allowed his canine to unlawfully maul out [Bradley's] eye." ECF No. 11 ¶ 33. Bradley thus alleges excessive force against Meurer. *Id.* at 8. As to the other six individual Defendants, Bradley alleges "nonfeasance." He presents substantively identical claims against each of the six, alleging they were "present at the scene and failed to take the necessary and reasonable steps to protect [Bradley] from the unlawful use of excessive force by K-9 Ranger as he mauled out [Bradley's] eye." *Id.* ¶¶ 42, 45,

48, 51, 54, 57 (Counts IV-IX). He also includes an allegation, incorporated into each of these counts, that "[w]hile the dog was ruefully mauling out [Bradley's] eye, the Officers on scene who could have and should have stopped the mauling, refused to do so. Instead, they stood by in amusement at what they were witnessing." *Id.* ¶ 20. And that "police allowed the dog to tear out [Bradley's] right eye, and refused to call the dog off even after cries that the dog was mauling out [Bradley's] eye." *Id.* ¶ 21.

To avoid dismissal, Bradley's complaint had to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To allege a Fourth Amendment[1] failure-to-intervene claim, Bradley had to show excessive force and that the "non-intervening officer was in a position to intervene yet failed to do so." *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir.

---

[1] The complaint leaves unclear whether the "nonfeasance" claim is a § 1983 Fourth Amendment claim, a state constitutional claim, or some other claim. I treat it as a § 1983 claim, but if it is a state constitutional claim, the outcome would be the same. *See* Fla. Const. art. I, § 12, cl. 3 (conformity clause); *see also Soca v. State*, 673 So. 2d 24, 27 (Fla. 1996) ("[The Florida Supreme Court is] bound to follow the interpretations of the United States Supreme Court with respect to the Fourth Amendment and provide to Florida citizens no greater protection than those interpretations."). If it is based on state-law negligence, there are still insufficient factual allegations to state a plausible claim.

2008). Through the conclusory allegations set out above, Bradley tries to make this showing. He does say, after all, that the officers could have intervened and did not. ECF No. 11 ¶¶ 20, 21. But "[o]nly factual allegations, and not legal conclusions, are relevant to our inquiry," *Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1241 (11th Cir. 2022), and Bradley is short on factual allegations. He does not allege facts showing where the officers were, how they could have stopped the attack, or other facts that could "nudge[ his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The motion to dismiss (ECF No. 20) is GRANTED. Plaintiff's claims against Defendants Milman, Marshall, Ripley, Sevor, Kikendall, and Henderson are dismissed on the merits for failure to state a claim.

SO ORDERED on September 10, 2025.

s/ *Allen Winsor*
Chief United States District Judge
