## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**TERRELL BRADLEY,**

    **Plaintiff,**

v.                                                       Case No.: 1:25-cv-00133-AW-HTC

**CITY OF GAINESVILLE, FLORIDA,**
**et al.,**

    **Defendants.**

_____ /

## DEFENDANT A.C. MILMAN'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant A.C. MILMAN, through undersigned counsel, files this answer and affirmative defenses to Plaintiff's Third Amended Complaint [ECF No. 32].

## JURISDICTIONAL ALLEGATIONS

1. Without knowledge, therefore denied.

2. Admitted for jurisdictional purposes; otherwise denied, as phrased.

3. Admitted that Officer Milman, Officer Meurer, Officer Marshall, Officer Ripley, Officer Sevor, Officer Kikendall, and Officer Henderson were law enforcement officers with the City of Gainesville at the time of the subject incident. Admitted that the subject incident occurred in Gainesville, Florida. The remainder of this paragraph is denied.

4. Admitted for jurisdictional purposes, only. Denied that Plaintiff is entitled to the damages sought in the complaint, or any damages whatsoever.

5. Without knowledge, therefore denied.

6. Admitted for jurisdictional and venue purposes, only.

## BACKGROUND

7. Admitted that on July 10, 2022, at about 10:30 pm, Plaintiff was driving a 2017 Chrysler 300. Regarding the specific level of tint on the vehicle's windows, without knowledge, therefore denied. The remainder of this paragraph is denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Admitted that Officer Milman followed the Chrysler 300 from the Village Green Apartments to NE 39th Avenue. Admitted that the distance between the apartment complex exit and NE 39th Avenue is approximately 0.3 miles. The second sentence is admitted. Regarding the third, fourth, and fifth sentences, without knowledge, therefore denied. Admitted that Officer Milman initiated the traffic stop near the traffic light at NE 39th Avenue. The sixth sentence is denied.

11. Denied, as phrased.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. The last sentence is denied. Regarding the remainder of this paragraph, denied, as phrased.

15. Admitted that Officer Milman observed a plastic bag of green leafy substance in the center console of the vehicle. Admitted that due to Plaintiff's behavior, Officer Milman asked Plaintiff to exit the vehicle. The remainder of this paragraph is denied.

16. Admitted that Plaintiff exited the vehicle. Admitted that as Officer Milman attempted to put Plaintiff's arms behind his back, Plaintiff pulled his arms in front of him to prevent Officer Milman from putting his arms behind his back. Admitted that Plaintiff then swung his right elbow at Officer Milman and hit him on the right side of his body. Admitted that Plaintiff broke free from Officer Milman's grip and ran away. Admitted that Officer Millman chased Plaintiff through the apartment complex. The remainder of this paragraph is denied.

17. Denied.

18. Admitted that backup officers arrived on scene within minutes. Admitted that Plaintiff was located in or behind hedges in the apartment complex. The remainder of this paragraph is denied.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Denied.

22. Without knowledge, therefore denied.

23. Denied.

24. Admitted an internal affairs investigation was conducted, the results of which speak for themselves. Regarding the remainder of this paragraph, without knowledge, therefore denied.

25. The internal affairs investigative report speaks for itself. Regarding the remainder of this paragraph, without knowledge, therefore denied.

26. Denied.

## COUNT I
### EXCESSIVE FORCE BY MEURER UNDER THE 4TH AMENDMENT TO THE US CONSTITUTION AND 42 US 1983

35. – 34. This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT II
### EXCESSIVE FORCE BY MARSHALL UNDER THE 4TH AMENDMENT TO THE US CONSTITUTION AND 42 USC 1983

35. – 37. This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT III
## AGAINST MILMAN FOR NONFEASANCE

38. Officer Milman restates his responses to paragraphs 1-26.

39. Denied.

40. Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause following paragraph 40, or any relief whatsoever. Denied that Plaintiff is entitled to his attorney's fees.

## COUNT IV
## AGAINST MARSHALL FOR NONFEASANCE

41. – 43.   This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT V
## AGAINST RIPLEY FOR NONFEASANCE

44. – 46.   This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT VI
## AGAINST SEVOR FOR NONFEASANCE

47. – 49.   This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT VII
## AGAINST KIKENDALL FOR NONFEASANCE

50. – 52.   This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT VIII
## AGAINST HENDERSON FOR NONFEASANCE

53. – 55.   This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT IX
## EXCESSIVE FORCE IN VIOLATION OF
## FLORIDA STATUTES SECTION 943.1735

56. – 60.   This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT X
## NEGLIGENCE

61. – 66.   This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## COUNT XI
## PUBLIC RECORD VIOLATION

67. – 69.   This Count is not directed to Officer Milman. Accordingly, Officer Milman does not respond to the allegations therein. To the extent a response is required, Plaintiff's allegations are denied.

## GENERAL DENIAL

Officer Milman denies all allegations of the complaint that have not been specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.   All or part of the damages awardable to Plaintiff under any claims brought pursuant to Florida law are governed by the terms, conditions, provisions, and limitations found in section 768.28, Florida Statutes.

2.   At all times pertinent hereto, Officer Milman was acting within the scope of his employment as a police officer employed by the City of Gainesville, and was not violating clearly established law of which a reasonable officer would be aware. Officer Milman's actions were taken pursuant to his discretionary authority,

7

and his conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Furthermore, at all times material, Officer Milman acted in good faith, reasonably and without malice in the course and scope of his duties towards Plaintiff and all those involved. Thus, he is entitled to qualified immunity.

3. No federally protected rights of Plaintiff have been infringed or violated.

4. Actions attributable to Officer Milman at worst constitute mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

5. Plaintiff has failed to mitigate any damages suffered as a result of the alleged actions of Officer Milman.

6. The conduct of Officer Milman was not the proximate cause of any injury to Plaintiff due to the circumstances and succession of events leading to the alleged injuries of Plaintiff. Further, injury to Plaintiff was not foreseeable to Officer Milman, and any injuries suffered by Plaintiff were not the proximate result of any conduct of Officer Milman.

7. Any injuries or damages sustained by Plaintiff herein were caused solely and proximately by the actions and/or omissions by a person or entities other

than Officer Milman and, as a result, Plaintiff is not entitled to recover from Officer Milman.

8.    Officer Milman had no knowledge that K9 Ranger would contact Plaintiff. The K9 interaction lasted a very short period of time. Officer Milman was not in a position where he could have possibly determined whether the K9 interaction was necessary, or take reasonable steps or otherwise intervene. For these reasons, Plaintiff's nonfeasance claim is without merit.

9.    Plaintiff was, at the time of his alleged injury, under the influence of alcoholic beverages and/or drugs to the extent that Plaintiff's normal faculties were impaired or the Plaintiff had a blood or breath alcohol level of 0.08 percent or higher and, as a result of the influence of such alcoholic beverages and/or drugs, Plaintiff was more than 50% at fault for his own harm. Accordingly, pursuant to section 768.36, Florida Statutes, Plaintiff is precluded from recovering any damages.

10.    Plaintiff may have been the beneficial recipient of recovery from collateral sources. Officer Milman is entitled to set off for all damages, if any, awarded to Plaintiff that are subject to collateral sources.

WHEREFORE, having answered Plaintiff's third amended complaint and set forth defenses thereto, Defendant OFFICER A.C. MILMAN respectfully requests that Plaintiff's complaint be dismissed in its entirety and/or judgment be entered against Plaintiff and in Officer Milman's favor, and that he be awarded his attorney's

fees, costs and expenses, as allowable pursuant to applicable law, specifically including under 42 U.S.C. §1988, 28 U.S.C. §1927, Rule 11, Fed. R. Civ. P., and any other legal basis for the awarding of such relief, and such other relief as this Court deems just and proper.

Respectfully submitted this 6th day of November, 2025.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar Number: 0827711
mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2025, a true and correct copy of the foregoing document was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record: Gregory Durden (ddg05@bellsouth.net), Attorney for Plaintiff, Law Office of Gregory Durden, 2310 NE 64th Terrace, Gainesville, FL 32609-2779.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**