**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**TERRELL BRADLEY,**

      **Plaintiff,**

**v.**                                     **Case No.: 1:25-cv-00133-AW-HTC**

**CITY OF GAINESVILLE, FLORIDA,
et al.,**

      **Defendants.**

_____ /

### DEFENDANT CITY OF GAINESVILLE'S *EMERGENCY* MOTION TO QUASH SUBPOENA TO FORMER CHIEF OF POLICE LONNIE SCOTT <u>AND MOTION FOR PROTECTIVE ORDER</u>

Defendant **CITY OF GAINESVILLE, FLORIDA**, through undersigned counsel, and pursuant to Rules 45(d)(3) and 26(c), Federal Rule of Civil Procedure, moves to quash the subpoena served on former City of Gainesville Police Chief Lonnie Scott and for a protective order precluding Plaintiff from proceeding with the deposition noticed for May 29, 2026, at 2:00 p.m.

1.     On March 20, 2026, Plaintiff's counsel provided the undersigned with the names of individuals Plaintiff wished to depose. Of the names mentioned, Plaintiff's counsel advised of intent to depose former Chief of Police Lonnie Scott.

2.      Around that time, counsel for the parties discussed various dates for the depositions in this case to be taken during the coming months.

3.      On May 11, 2026, the undersigned advised Plaintiff's counsel:

We object to the deposition of former Chief Scott. Former Chief Scott had no personal involvement in the incident at issue, and Plaintiff has not demonstrated that he possesses unique, non-duplicative information unavailable through less intrusive discovery. Accordingly, the requested deposition is improper under the Apex doctrine.

4.      With no attempt to confer with undersigned counsel regarding the applicability of the Apex doctrine (or to comply with Local Rule 7.1(B)), on May 13, 2026, Plaintiff filed a "Motion to Compel Deposition of Lonnie Scott." (ECF No. 51). In his motion, Plaintiff argued former Chief Scott possesses "unique, personal knowledge relevant to Plaintiff's claims…" (Id., pp. 2-3).

5.      Before Defendants were able to respond, on May 15, 2026, the Court denied Plaintiff's motion to compel, finding Plaintiff did not have a basis for compelling a witness' deposition where the witness had not been subpoenaed and the Court did not have jurisdiction to order the same. (ECF No. 52, p. 1).

6.      Later on May 15, 2026, Plaintiff's counsel wrote the undersigned:

I need to serve Lonnie Scott if you are not going to produce him. His home address is confidential. So, please provide me with his home address by Monday so that I can subpoena him, if you are not going to produce him. Thank you.

7.      Later on May 15, 2026, the undersigned responded to Plaintiff's counsel:

I don't know why the Court suggested the Apex doctrine does not apply to former employees – it absolutely does. *See, e.g., Penrod Bros., Inc. v. City of Miami Beach, Fla.*, No. 1:23-CV-23362, 2025 WL 786493, at *4 (S.D. Fla. Mar. 12, 2025) ("Courts have held that subjecting the decision-making processes of **former** high-ranking government officials to judicial scrutiny and the possibility of continued participation in lawsuits years after leaving public office would serve as a significant deterrent to qualified candidates for public service.' For this reason, the apex doctrine 'has been extended to cover depositions of **former** high ranking officials.'") Moreover, the issues you referenced in your motion to compel involve events that occurred **after** the subject incident, and are therefore entirely irrelevant to any issue currently before the Court.

8.      On May 17, 2026, Plaintiff's counsel, again ignoring any discussion on the Apex doctrine, wrote:

With regards to Lonnie Scott, if I have to subpoena him for deposition and trial, please let me know. I wanted to avoid proceeding that way as I didn't want to make his home address a public record. Let me know tomorrow how you would like to proceed. Let's work this out, as I would like to make this convenience for you and for Lonnie Scott. Thanks.

9.      On May 18, 2026, Plaintiff served a Notice of Taking Depositions for depositions of City employees to be taken May 29, 2026. The Notice included numerous City police officers but <u>did not</u> include former Chief Scott.

10.      On May 19, 2026, Plaintiff's counsel sent copies of witness subpoenas which included a subpoena for former Chief Scott, which the undersigned has not been authorized to accept. Moreover, the deposition of former Chief Scott had not been noticed at the time the subpoena was sent.

11.    On May 26, 2026, Plaintiff served an Amended Notice of Taking Deposition for the depositions scheduled for May 29, 2026, including <u>for the first time</u> former Chief Scott as a deponent.

12.    Shortly thereafter, Plaintiff's counsel wrote to the undersigned:

Matt, I had asked you on May 17th for Lonnie Scott's address so that I could serve him if you were unwilling to accept service for him. Since I have not heard from you, I went ahead and served him instead on May 21, 2026, at 7:00pm. That is why I sent you an Amended Notice of Depositions to include Lonnie Scott.

13.    Plaintiff noticed former Chief Scott's deposition on May 26, 2026, for May 29, 2026 – providing fewer than 72 hours' notice. Under the circumstances, that is not "reasonable written notice" under Rule 30(b)(1).

14.    Moreover, Plaintiff's counsel failed to notify the undersigned that he would be serving former Chief Scott with a subpoena until five (5) days <u>after service</u>.

15.    Separate from the issue of insufficient notice, the Apex doctrine precludes the deposition of former Chief Scott from going forward.

16.    The discovery deadline in this case is May 29, 2026. (ECF No. 46).

### <u>MEMORANDUM OF LAW</u>

Federal Rule of Civil Procedure 30(b)(1) provides, "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Reasonableness of notice depends on the specific circumstances of the case at hand, such as the time between the notice and the deposition and the preparation

4

and travel required. *Commodity Futures Trading Comm'n v. United Inv'rs Group, Inc.*, No. 05-80002-CIV, 2006 WL 8446783, at *3 (S.D. Fla. Mar. 6, 2006).

Here, Plaintiff unilaterally noticed former Chief Scott's deposition less than three days before the intended deposition, and the City is prejudiced by this late addition. The undersigned counsel had prepared coverage for the May 29, 2026, depositions of other City employees based on the notice provided on May 18, 2026, which only listed deponents that the City had agreed to produce some time ago. The undersigned has not had sufficient time to prepare for unilaterally scheduled deposition of former Chief Scott, including acquiring any pertinent documents and meeting with former Chief Scott ahead of time. Moreover, Plaintiff has failed to permit the City sufficient time to seek judicial intervention, necessitating the instant emergency filing.

The deposition should also be barred under Rule 26(b)(1) because the topics Plaintiff identified – internal affairs actions, post-incident departmental response, and post-incident public statements – are not relevant to any claim or defense currently pending and are disproportionate to the needs of the case, particularly where Plaintiff has not pursued less intrusive discovery.

Under Rule 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including by forbidding the discovery or prescribing its timing and scope.

Good cause exists here because Plaintiff noticed former Chief Scott's deposition on an expedited basis with insufficient time for the City to prepare, and because the deposition seeks information that is not proportional to the needs of the case and would have been available through less burdensome discovery. Accordingly, the Court should enter a protective order precluding the May 29, 2026, deposition.

Independently, when a party seeks to take the deposition of an official at the highest level of an entity, stricter standard applies to the party seeking discovery and the court may exercise its authority under the federal rules to limit discovery. *Celorio v. Google Inc.*, No. 1:11-CV-79-SPM-GRJ, 2012 WL 12861605, at *1 (N.D. Fla. Nov. 19, 2012). "In determining whether to allow an apex deposition courts consider: (1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods, such as interrogatories and depositions of lower level employees." *Id.* The Apex doctrine recognizes that top-level government officials have greater duties and time constraints than most witnesses and, without appropriate limitations, such officials would spend an inordinate amount of time tending to pending litigation. *Florida v. United States*, 625 F. Supp. 3d 1242, 1246 (N.D. Fla. 2022). Accordingly, such officials should only be deposed in "extraordinary circumstances." *Id.*

> When deciding if extraordinary circumstances exist to permit a top-level official to be deposed, courts have looked at whether (1) the

> deposition is necessary to obtain first-hand information; (2) the official has information that would be important to the case; (3) the deposition would not significantly interfere with the official's job responsibilities; and (4) the evidence sought from the official is not reasonably available from alternative deponents.

*Id.* Plaintiff has not and cannot establish any of these extraordinary circumstances apply. Plaintiff claims former Chief Scott has knowledge of Plaintiff's "unarrest," the calling for an internal affairs investigation, the Department's response to the incident, and public statements he made about the incident (ECF No. 51, p. 2), but none of these matters make any fact of consequence more or less probable and they all occurred after the actual facts at issue. None of the claims pending relate to the City's response to the incident or any event following the use of force involving Plaintiff on July 10, 2022, aside potentially the public records issue Plaintiff has raised (of which former Chief Scott does not have unique personal knowledge). Further, Plaintiff cannot show he has exhausted all other discovery methods in acquiring this "relevant" information. Indeed, Plaintiff had ample opportunity to serve written discovery to Defendants regarding these matters or depose other lower level officials but chose not to do so.

Furthermore, avoiding interference with official duties is one justification for the Apex doctrine. *Penrod Bros., Inc. v. City of Miami Beach, Florida*, No. 1:23-CV-23362, 2025 WL 786493, at *4 (S.D. Fla. Mar. 12, 2025). Another justification is that judicial scrutiny of the decision-making process of high-ranking officials would

deter individuals from participating in public service. *Id.* (citing *City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2012 WL 760743, at \*2 (S.D. Fla. Mar. 7, 2012)). Thus, the doctrine has been extended to cover depositions of <u>former</u> high ranking officials. *Scott*, 2012 WL 760743, at \*2 (collecting cases).

## **<u>CONCLUSION</u>**

WHEREFORE, for the foregoing reasons, Defendant City of Gainesville respectfully requests this Court enter an Order quashing the subpoena served to former Chief of Police Lonnie Scott, precluding Plaintiff from proceeding with his deposition scheduled for Friday, May 29, 2026, at 2:00pm, and granting such other relief the Court deems just and proper.

Dated this 27th day of May 2026.

Respectfully submitted,

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar No. 0827711
Email: mcarson@spellman.law

**SPELLMAN LAW, P.A.**
905 East Park Avenue
Tallahassee, FL 32301
T: (850) 601-1983

***Attorneys for Defendants***

8

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(B), the undersigned counsel certifies that he conferred with Plaintiff's counsel regarding these issues and in an attempt to resolve them without Court involvement, and can represent that Plaintiff disagrees with Defendant City's position.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**

## CERTIFICATE OF WORD COUNT

This document complies with word limits set forth in Local Rule 7.1(F) and contains 1,738 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May 2026, a true and correct copy of the foregoing document was electronically filed in the U.S. District Court, Northern District of Florida, Gainesville Division, using the CM/ECF system which will send a notice of service to all counsel of record.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**

9