**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**TERRELL BRADLEY,**

**Plaintiff,**

**v.** **Case No.: 1:25-cv-00133-AW-HTC**

**CITY OF GAINESVILLE, FLORIDA, et al.,**

**Defendants.**
________________________________________ /

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE (Doc. 76)**

Defendants, City of Gainesville, Florida, Officer J.C. Meurer, Officer D.P. Marshall, and Officer D.S. Ripley, through undersigned counsel, file this memorandum in opposition to Plaintiff's motion in limine (Doc. 76).

First, Plaintiff's counsel did not confer with counsel for Defendants before filing the motion as required by Local Rule 7.1(B). Plaintiff's motion should be denied for this reason alone.

Second, pursuant to this Court's order granting the parties' joint motion to stay remaining pretrial deadlines, all remaining pretrial deadlines – including the deadline to file motions in limine and, presumably, the deadline to respond to same – have been suspended. (Docs. 74, 75). Plaintiff's motion should be denied for this

reason, with leave to refile if the pretrial deadlines are reset. Defendants file this response out of an abundance of caution and to ensure compliance with the Court's Notice of Electronic Filing dated September 25, 2026, setting the deadline to respond.

Third, Plaintiff's motion should be denied because Plaintiff has not shown entitlement to the relief sought. Plaintiff seeks to exclude evidence that he had an elevated blood alcohol level measured in the hours following the subject incident. Plaintiff asserts that such evidence is irrelevant because: "Plaintiff was never charged with driving while under the influence"; "such evidence is not probative of negligence or … excessive force…"; and "[t]o suggest that [Plaintiff's] Blood Alcohol Level justifies the mauling he encountered is simply preposterous." (Doc. 75, pp. 1-2).

Plaintiff does not address the possibility that Defendants will assert that Plaintiff's intoxication is relevant and admissible to impeach his credibility as it relates to his ability to perceive and remember the subject events accurately. Additionally, the City of Gainesville has asserted as an affirmative defense to Plaintiff's negligence claim the limitations provided in section 768.36, Florida Statutes (Doc. 34, pp. 10-11), which turns on whether Plaintiff had a blood alcohol level of 0.08 percent or higher. Plaintiff's blood alcohol level is certainly relevant to these issues.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court deny Plaintiff's motion in limine, and for such other relief as the Court deems proper.

Respectfully submitted this 28th day of September, 2026.

Respectfully submitted,

*/s/ Matthew J. Carson*

**MATTHEW J. CARSON**
Florida Bar No. 0827711
Email: mcarson@spellman.law

**SPELLMAN LAW, P.A.**
905 East Park Avenue
Tallahassee, FL 32301
T: (850) 601-1983

***Attorneys for Defendants***

## CERTIFICATE OF WORD COUNT

Pursuant to N.D. Fla. Local Rule 7.1(F), undersigned represents that according to the word count feature of the word-processing system used to prepare this document, the memorandum contains 349 words.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September, 2026, a true and correct copy of the foregoing document was electronically filed in the U.S. District Court, Northern District of Florida, Gainesville Division, using the CM/ECF system which will send a notice of service to all counsel of record.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**